THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GARY CLAYTON VIENS,<br><br>   Plaintiff,<br><br>v.<br><br>ANJULIE MCFARLAND et al.,<br><br>   Defendants. | **MEMORANDUM DECISION & ORDER REGARDING SERVICE OF PROCESS, DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR PRELIMINARY INJUNCTION, GRANTING MOTION FOR TIME TO SEND FILING FEE, AND GRANTING MOTION FOR EXTENSION OF TIME**<br><br>Case No. 2:25-cv-495 JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Gary Clayton Viens, a Utah inmate, filed this *pro se* civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2025), proceeding *in forma pauperis*, *see* 28 *id.* § 1915. (ECF Nos. 1, 4.)

Plaintiff alleges claims of sexual assault, retaliation, and violations of the Prison Rape Elimination Act (PREA), 34 U.S.C.S. §§ 30301-09 (2025), and Utah Code §§ 58-42a-502, 64-13-47, and 76-5-412; and he names as defendants, Utah Department of Corrections' mental-health personnel Anjulie McFarland, "Faith" (supervisor), and "Condie" (collectively, "Defendants"). ECF No. 1 ("Compl.").

Based on review of the Complaint, the Court concludes that official service of process is warranted for Defendants. *See* 28 U.S.C.S. § 1915(d) (2025) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Thus, under Federal Rule of Civil Procedure 4(c)(1), waiver of service is requested from Defendants.

**MOTION FOR APPOINTED COUNSEL**

Plaintiff also moves "for appointment of counsel," which is doomed from the outset because he provides no analysis or legal argument. ECF No. 3. Still, the Court reviews the motion's merits below.

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge.[1] *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Plaintiff has the burden of convincing the Court that Plaintiff's claim has enough merit to warrant such a request of counsel; and as noted above, he has not tried. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But, even if Plaintiff had tried to meet his burden, it would not have been "enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual

---

[1] The Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 Fed. App'x. 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 Fed. App'x. 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## MOTION FOR PRELIMINARY INJUNCTION

The Court next evaluates Plaintiff's motion for preliminary injunctive relief. ECF No. 6. Specifically, he requests the Court to issue an order requiring

> defendants Sgt. Berger, Director Bennett, C.O. Worsley, Sgt. Roman, & C.O. Copeland [to] show cause . . . why a preliminary injunction should not issue . . . to have the said names to immediately quit their campaign of harassment & retaliation & conspiring to have other inmates assault & cause bodily harm[;] cease having inmates threaten to cause me getting removed from my program[; t]o have Director Bennet immediately cease conspiring to get me removed.

ECF No. 6, at 1-2. He further asks that "Executive Dir. Jared Garcia [be ordered to] intervene & place stipulations on them"; and that Berger, Bennett, Worsley, Roman, and Copeland be "restrained from communicating with [Plaintiff] unless a security matter"; and "to quit communicating w/Defendants Anjulie McFarland, Faith, & Condie." *Id.* at 2-3.

It appears that only the very last request involves Defendants (McFarland, "Faith," and "Condie") and claims found in the Complaint. ECF Nos. 1, 6. Because Berger, Bennett, Worsley, Roman, and Copeland are not named as defendants in this case, Plaintiff may not validly request injunctive relief from them. Plaintiff's request for injunctive relief from Berger, Bennett, Worsley, Roman, and Copeland is therefore not further considered.

3

Moreover, as to Defendants Anjulie McFarland, Faith, & Condie, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest.

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motion for injunctive relief and concludes Plaintiff's current versions of his arguments do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

## ORDER

**IT IS ORDERED** that:

**(1)** Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from the following Utah Department of Corrections defendants: **(a)** Anjulie McFarland; **(b)** "Faith"; and **(c)** "Condie."[2] ECF No. 1.

---

[2] Counsel for the fully named UDOC defendant, McFarland, must perform the limited discovery (using the Complaint's dates and description of Defendants Faith and Condie's alleged roles in unconstitutional activities) necessary to determine the full names of Defendants Faith and Condie, whom Plaintiff has been unable to fully name. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821-22, 832 (7th Cir. 2009) ("Because [Plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist him, within reason, to make the necessary investigation. . . . [Plaintiff] should have the opportunity to engage in limited discovery to ascertain the identities of these staff members, whose conduct he has explicitly described."); *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (stating, before dismissing unidentified defendant due to inability to permit service of process, district court should have helped incarcerated *pro*

**(2)** The Clerk of Court shall mail the following items to these defendants as designated below:

> **(a)** Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; 2 copies of Waiver of the Service of Summons, AO form 399; and copy of the Complaint, (ECF No. 1), and this Order to: **Utah Department of Corrections, Att'n: Correctional Program Coordinator--3rd Floor DPO Suite, 14717 South Minuteman Drive, Draper, Utah 84020**.
>
> **(b)** Copies of Complaint and this Order to **Utah Attorney General's Office, Att'n Litigation Division, Prisoner Litigation Unit, 160 East 300 South, Sixth Floor, P.O. Box 140856, Salt Lake City, Utah 84114-0856**.

**(3)** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of service of summons and complaint. Under Rule 4, if Defendants do not waive summons service, after being asked by the Court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for not signing and returning the waiver form. If service is waived, this action will proceed as if Defendants had been

---

*se* litigant with inquiry into unknown defendant's identity when plaintiff provided numerous details like officer's surname, assigned unit, and date and location of incident; and district court "may pursue any course that it deems appropriate to a further inquiry into the identity" of the unknown defendant); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (deciding, when plaintiff described with sufficient clarity the head of the . . . jail, that plaintiff's "description was sufficiently clear to allow service of process on the 'Chief'"); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery."); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) ("A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted . . . ."). Once counsel has determined Defendants Faith and Condie's full names, counsel must also follow for Defendants Faith and Condie the service directions found in this Order.

served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date when the waiver request was sent. *See* FED. R. CIV. P. 4(d)(3). (This allows more days to respond than would be required if formal summons service is necessary.) Defendants must read the statement at the waiver form's end that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

**(4)** If Defendants do not execute waivers, attorney(s) for Defendants must file a notice with reasons for not giving a waiver. A notice is due **30 days** from the date a request was sent.

**(5)** Defendants shall answer the Complaint, observing Federal Rules of Civil Procedure and the following litigation schedule:

> **(a)** If Defendant asserts the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,
>
> > **(i)** within **60 days** of date of waiver request, file an answer;
> >
> > **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[3] limited to the exhaustion issue; and,

---

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

  **(b)** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

  **(c)** If Defendants choose not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendants must,

    **(i)** within **60 days** of date of waiver request, file an answer;

    **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

  **(d)** If Defendants want to seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

 **(6)** Plaintiff must, within **30 days** of its filing, respond to the *Martinez* report. Plaintiff must expect that *Martinez* reports may "be used for their truth against a plaintiff if the plaintiff has been warned that failing to respond to the *Martinez* report could lead to that result." *Ortiz v. Torgensen*, 857 F. App'x 419, 426-27 (10th Cir. 2021) (unpublished). This is the warning.

 **(7)** Plaintiff must, within **30 days** of its filing, respond to a motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

 **(8)** Within **14 days** of filing of Plaintiff's opposition, Defendants shall file a reply brief.

**(9)** Any evidence filed to support the parties' summary-judgment positions must be reviewed by the parties to ensure that **(a)** only relevant evidence is submitted (for instance, if filing medical records, ensure that only medical records applicable to the exact claims at issue are filed); and **(b)** the numbering on the pages of all evidentiary submissions is clear on each page of each document and matches up to any references in citations to those documents in any summary-judgment motion, response, and reply. If evidentiary documents do not comply with this requirement, the summary-judgment motion, response, or reply, will be struck from the docket, subject to refiling with compliant evidentiary documents.

**(10)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

**(11)** Plaintiff's motion for appointed counsel is **DENIED**. ECF No. 3. However, if--after the case develops further--it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The Court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

**(12)** Plaintiff's motion for preliminary injunctive relief is **DENIED**. ECF No. 6. **(a)** Berger, Bennett, Worsley, Roman, Copeland are not defendants in this action and so are inappropriate subjects from which to request injunctive relief here. ECF No. 1. To seek injunctive relief from these individuals, Plaintiff would need to file a separate civil complaint naming them as defendants, setting forth federal constitutional claims against them, and supporting those claims with factual allegations. **(b)** Against Defendants McFarland, "Faith," and "Condie," Plaintiff has not provided any analysis supporting the elements required for an order of preliminary injunctive relief.

**(13)** The Court Clerk must mail Plaintiff a packet of information about filing a civil complaint, along with a blank civil complaint form for Plaintiff to use to file a separate prisoner civil-rights action against other individuals who are not defendants in this action, if he so desires.

**(14)** Plaintiff's motion to allow him to send his initial partial filing fee directly to the Court via third-party money order is **GRANTED**. ECF No. 8.

**(15)** Plaintiff's motion for a "30-DAY EXTENSION OF TIME TO RESPOND" is **GRANTED**. ECF No. 9. The Court assumes this is regarding the time in which Plaintiff needs to send his initial partial filing fee, which now must be received by September 5, 2025.

Signed July 22, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge